IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KAREN STRIPLING,

    Plaintiff,

v.                                            CASE NO. 5:18-cv-140-RH-GRJ

PKMM INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 1, Plaintiff's Notice of Removal, and ECF No. 6, Plaintiff's "Motion to Show Cause and Motion to Implement Disability Provision of Employment Contract."

Plaintiff, proceeding *pro se*, filed the Notice of Removal on June 14, 2018, removing the case to this Court from the Fourteenth Judicial Circuit in and for Jackson County, Florida. (ECF No. 1.) Although Plaintiff did not attach a copy of the complaint, Plaintiff provided the state court case number: 2013-CA-724. A review of the state court case docket confirms that Plaintiff is the plaintiff in this case. *See Stripling v. PKMM Inc.*, No.

2013-CA-724 (Fla. Cir. Ct. Aug. 28, 2013).[1]

The law is well settled that only a defendant may remove a case from state court to federal court. *See* 28 U.S.C. § 1446(a); *Ballard's Svc. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) ("Title 28 U.S.C. § 1446 authorizes removal only by defendants . . . . Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them."); *Untracht v. Fikri*, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("Removal by a plaintiff is not permitted because the plaintiff had the original choice of forum."). Consequently, Plaintiff's case is due to be remanded to state court .

Rather than recommending remand of the case *sua sponte,* or waiting for Defendant to file a motion to remand—and to provide Plaintiff with an opportunity to explain why the Court should not remand this case to state court—the Court directed Plaintiff to show cause by June 29, 2018, why this case should not be remanded to state court because Plaintiff improperly removed the case. ECF No. 4; *see Maldonado v. Evans*, No. 14-80288-CIV, 2014 WL 1600328, at *1 (S.D. Fla. Apr. 21, 2014) (citing

---

[1] Plaintiff also confirms in her motion to show cause that she is the plaintiff in this case. (ECF No. 6.)

*Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996)) ("The removing party has the burden of demonstrating the propriety of removal.").

Plaintiff then filed the instant motion to show cause on June 25, 2018, in which she requests the Court to accept jurisdiction over her case and "instruct Defendant to immediately enact the disability portion of the employment contract of Plaintiff Karen Stripling." (ECF No. 6 at 40.) Thus, Plaintiff's instant motion to show cause appears to be in response to the Court's order to show cause.

Plaintiff's forty-page motion to show cause, however, provides no explanation as to why this case should not be remanded to state court. Instead, Plaintiff merely presents a lengthy narrative explaining the circumstances that gave rise to her claims. The circumstances that gave rise to her claims, however, do not explain or remedy the fundamental defect with the removal of this case—that is, a plaintiff cannot remove a case she filed in state court.  If Plaintiff believes a federal court has subject matter jurisdiction over her claims she may file a lawsuit in federal court. But she cannot file a lawsuit in state court and then remove the case to federal court. The right to remove a case is reserved to out of state defendants or to defendants, who have been sued in state court based

upon a federal claim.  This case, therefore, must be remanded to state court.

Accordingly, it is respectfully **RECOMMENDED**:

Plaintiff's "Motion to Show Cause and Motion to Implement Disability Provision of Employment Contract," ECF No. 6, should be **DENIED**, and this case should be remanded to the Circuit Court for the Fourteenth Judicial Circuit in and for Jackson County, Florida.

**IN CHAMBERS** this 29th day of June 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**